### In re LEVY'S WILL.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. CASE ON APPEAL—VIEWS OF COUNSEL.

 The case on appeal will not be amended to show a simple statement of counsel, not in the nature of an admission, but an assertion of his view of the law as applicable to the facts.

2. SAME—EXCEPTIONS OF PREVAILING PARTY.

 Appellant is not entitled to have incorporated in the case on appeal exceptions of the prevailing party to exclusion of evidence, the surrogate's decision showing that his conclusion was based on facts other than those to which the excluded evidence related.

Appeal from Surrogate's Court, Kings County.

In the matter of the judicial settlement of the account of proceedings of Julia Levy and another, as executors of Philip Levy, deceased. From an order denying a motion for a resettlement of the case on appeal, Rosetta Corn appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Joseph J. Corn (Edward Lazansky, on the brief), for appellant.
W. C. Prime, for respondent.

WILLARD BARTLETT, J. The notice of motion for a resettlement of the case on appeal asked for the allowance of the proposed amendments numbered 6, 23, 27, 30, 31, and 34. The proposed amendment numbered 6 was properly disallowed, because it was simply a statement by counsel, not in the nature of an admission, but an assertion of his view of the law as applicable to the facts of the case. The other proposed amendments were chiefly designed to show that the surrogate excluded evidence offered by the successful party which was material and relevant to prove that the legacy to Rosetta Corn was a charge upon the testator's real estate, and hence to justify the surrogate's decision to that effect. As a general rule, exceptions taken by a prevailing party are not properly part of a case on appeal prepared by the party who has been unsuccessful. Beach v. Cooke, 28 N. Y. 508, 535, 86 Am. Dec. 260. Special reasons may sometimes exist, authorizing a departure from the rule that such exceptions should not be incorporated in the case on appeal. Dabney v. Stevens, 10 Abb. Prac. (N. S.) 43. No such reasons are apparent here, however, inasmuch as the decision of the surrogate indicates that his conclusion to the effect that the legacies were chargeable upon the real

estate was based not at all upon any inference as to the condition of the testator's property, but solely upon the concession of the executors and the language of the will itself. We think that the case as settled preserved all the rights of the appellant here for their due presentation to the Appellate Division, and therefore conclude that the order denying her motion for a resettlement should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.